United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                        Case No. 14-18691-pmm
Suzanne Haas Smith                                                            Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-4        User: Marie              Page 1 of 1              Date Rcvd: Apr 06, 2020
                            Form ID: 3180W           Total Noticed: 10

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 08, 2020.
db          +Suzanne Haas Smith,   1931 Cricklewood Cove,   Fogelsville, PA 18051-1509
smg         +Bureau of Audit and Enforcement,   City of Allentown,   435 Hamilton Street,
              Allentown, PA 18101-1603
smg          City Treasurer,   Eighth and Washington Streets,   Reading, PA  19601
smg         +Dun & Bradstreet, INC,   3501 Corporate Pkwy,   P.O. Box 520,   Centre Valley, PA 18034-0520
smg         +Lehigh County Tax Claim Bureau,   17 South Seventh Street,   Allentown, PA 18101-2401
smg         +Tax Claim Bureau,   633 Court Street,   Second Floor,   Reading, PA 19601-4300

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg          E-mail/Text: RVSVCBICNOTICE1@state.pa.us Apr 07 2020 06:15:54
              Pennsylvania Department of Revenue,   Bankruptcy Division,   P.O. Box 280946,
              Harrisburg, PA  17128-0946
smg         +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Apr 07 2020 06:16:06     U.S. Attorney Office,
              c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
13510172     EDI: BECKLEE.COM Apr 07 2020 09:38:00     American Express Bank, FSB,   c o Becket and Lee LLP,
              POB 3001,   Malvern, PA 19355-0701
14428808    +E-mail/Text: bkmailbayview@bayviewloanservicing.com Apr 07 2020 06:16:07
              Bayview Loan Servicing, LLC,   4425 Ponce De Leon Blvd. 5th Floor,
              Coral Gables, Florida 33146-1873
                                                                                              TOTAL: 4

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 08, 2020                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 6, 2020 at the address(es) listed below:
          DAVID W. TIDD    on behalf of Debtor Suzanne Haas Smith bankruptcy@davidtiddlaw.com,
           bbkconsultantllc@gmail.com
          FREDERICK L. REIGLE    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
           ecf_frpa@trustee13.com
          JEROME B. BLANK    on behalf of Creditor   OCWEN LOAN SERVICING, LLC paeb@fedphe.com
          KAREN PALAZZO GRUBER    on behalf of Debtor Suzanne Haas Smith attorneypalazzo@gmail.com
          KEVIN S. FRANKEL    on behalf of Creditor    Bayview Loan Servicing, LLC pa-bk@logs.com
          LISA MARIE CIOTTI    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
           ecf_frpa@trustee13.com
          MARIO J. HANYON    on behalf of Creditor    Ocwen Loan Servicing, LLC paeb@fedphe.com
          MARIO J. HANYON    on behalf of Creditor    OCWEN LOAN SERVICING, LLC paeb@fedphe.com
          MORRIS ANTHONY SCOTT    on behalf of Creditor    Bayview Loan Servicing, LLC pabk@logs.com
          PAUL WILLIAM CRESSMAN    on behalf of Creditor    OCWEN LOAN SERVICING, LLC paeb@fedphe.com
          REBECCA ANN SOLARZ    on behalf of Creditor    Bayview Loan Servicing, LLC bkgroup@kmllawgroup.com
          SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com
          THOMAS YOUNG.HAE SONG    on behalf of Creditor    OCWEN LOAN SERVICING, LLC paeb@fedphe.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM EDWARD MILLER    on behalf of Creditor    OCWEN LOAN SERVICING, LLC
           wmiller@sterneisenberg.com, bkecf@sterneisenberg.com
                                                                                             TOTAL: 15

| **Information to identify the case:** | |
|---|---|
| Debtor 1 **Suzanne Haas Smith** <br> First Name  Middle Name  Last Name | Social Security number or ITIN **xxx–xx–2960** <br> EIN __–_____ |
| Debtor 2 (Spouse, if filing) <br> First Name  Middle Name  Last Name | Social Security number or ITIN ____ <br> EIN __–_____ |
| United States Bankruptcy Court  **Eastern District of Pennsylvania** | |
| Case number: **14–18691–pmm** | |

# Order of Discharge                                                                                                    12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Suzanne Haas Smith

<u>4/6/20</u>                                      **By the court:**    <u>Patricia M. Mayer</u>
                                                                        United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**